A policy issued on March 4, 1940, by the Southern Life Health Insurance Company, defendant herein, insured the life of Lucy Stills. She died February 8, 1941; and her designated beneficiary, Rogers Ashley, claims in this action the contract's scheduled death benefit of $250.
The demands of plaintiff were rejected. As stated in the brief of his counsel, the court held that "the policy was not paid up and in benefit at the time of the death of the insured." From the judgment plaintiff appealed.
Appellee has moved the dismissal of the appeal, contending that only $62.50 is involved in the action, an amount beneath the lower limits of this court's jurisdiction. In this regard its counsel points out that under a policy provision, where the insured dies within the first twelve months from the date of the contract either directly or indirectly from a disease of the heart, liver or kidneys, or from other named diseases, the liability of the company is limited to one-fourth of the scheduled death benefit ($250); that plaintiff alleges the policy's issuance on March 4, 1940, and the insured's death on February 8, 1941, or less than twelve months later; and that, as disclosed by the evidence adduced, an autopsy by the coroner showed the existence of cirrhosis of the liver and an enlargement of the heart.
The motion to dismiss, in our opinion, is without merit. The cause of the death of the insured was an issue in the case, made so by the pleadings; and it does not appear that plaintiff admitted or conceded, before the submission of the matter to the court for determination, that she died either directly or indirectly from any of the mentioned diseases.
The trial judge, we think, was justified in upholding the defense that the policy was not in force at the time of the insured's death. A preponderance of the evidence seems to sustain this conclusion.
The contract provided that premiums should be paid weekly. It also contained a provision reading: "A grace period of four weeks shall be granted for the payment of every premium after the first, during which time the death benefit shall continue in force. If death should occur within the days of grace, the overdue premiums shall be deducted from the amount payable hereunder. If any premium on this Policy remains unpaid for four weeks after it is due, as herein provided, this Policy shall lapse and all liability hereunder shall cease and determine without notice of any kind * * *."
The last payment of a premium under the policy occurred about the middle of January, 1941; however, both the oral and the documentary proof preponderately shows that this premium was for the week beginning December 23, 1940, and it paid the insurance up to December 30, 1940. Consequently, when the insured died on February 8, 1941, the above-stated grace period of four weeks had expired.
But plaintiff's counsel calls attention to a transaction occurring on February 4, 1941, between defendant's local manager and the insured, whereby the latter received $8.74, the total amount of premiums previously paid, and she executed a release of whatever rights and interest under the policy that she had; and the argument is made that this constituted a waiver of *Page 783 
defendant's privilege to claim a forfeiture of the insurance for the nonpayment of premiums.
The stated position, we think, is not well founded. On the occasion in question, the evidence shows, the policy was in a lapsed condition; and the insured was informed of that fact by defendant's manager. She was then in bad health, and reinstatement of the insurance, in view of this circumstance, was impossible. It was only for the purpose of obtaining conclusive proof of the insurance's termination and of avoiding a lawsuit at her death that the premiums were refunded and the release secured. No coercion or fraud appears to have been practiced by defendant.
We find no error in the judgment, and it is affirmed.